UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DEREK MORTLAND**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:20-cv-10167 |
| v. | ) |
| | ) |
| **Dearborn Hospitality Hotels LLC.,** a | ) Judge: |
| Michigan limited liability company, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, DEREK MORTLAND, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **DEARBORN HOSPITALITY HOTELS LLC**, a Michigan limited liability company for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, DEREK MORTLAND ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **DEARBORN HOSPITALITY HOTELS LLC** operates and owns a Country Inn & Suites Dearborn located at 24555 Michigan Ave., Dearborn, MI 48124 in Wayne County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **DEARBORN HOSPITALITY HOTELS LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.

       Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is a race car enthusiast, as well as National Auto Sport Association (NASA) time trials driver and National Auto Sport Association driving instructor for the NASA Great Lakes Region who has driven and instructed at tracks all over the Midwest. Mortland travels to the Dearborn area regularly to obtain specialty auto repair services for his racing vehicle by a local shop.

9. During the Plaintiff's stays, and most recently on the night of May 22, 2019, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in

violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of Country Inn & Suites Dearborn, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Type and Number of Designated Accessible Guestrooms

    A. Upon information and belief, the hotel lacks the required amount of guestrooms equipped with mobility features, whereas for a hotel with 100 guestrooms a minimum of four are required, in violation of the ADA whose remedy is readily achievable.

    B. The Defendant's hotel offers varied types, prices and classes of lodging options but does not disperse accessible accommodations among the types of guestrooms, including studio suites and Whirlpool suites, in violation of the ADA whose remedy is readily achievable.

    C. Upon information and belief, all designated mobility accessible guestrooms at this hotel property contain barriers to handicap access similar to those experienced by the Plaintiff in guestroom number 317 which require remedying.

Designated Mobility Accessible Guestroom #317

    D. The roll-in shower in the designated accessible guestroom has a threshold that exceeds ½ inch, in violation of the ADA whose remedy is readily achievable.

    E. The bathroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

    F. The grab bars around the water closet are not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

    G. The hotel's accessible guestroom shower spray unit is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    H. The hotel's accessible guestroom shower spray unit fails to provide on/off controls, in violation of the ADA whose remedy is readily achievable.

    I. The hotel's accessible guestroom bathroom toilet paper dispenser is not mounted in

      the required location in front of the water closet measured to the centerline of the dispenser, in violation of the ADA whose remedy is readily achievable.

J. The robe hook on the bathroom door is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

K. There are amenities in the guestroom, including the closet bar and door locking latch, located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

L. The entrance door to the guestroom requires over five pounds of pressure to operate, in violation of the ADA whose remedy is readily achievable.

M. The guestroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

N. The desk in the guestroom does not have required knee clearance, in violation of the ADA whose remedy is readily achievable.

O. The curtain adjuster in the guestroom is located above allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

P. At minimum two entrances to the hotel do not have required maneuvering clearance at the latch side, whereas 60% of all entrances must be accessible and they are not, in violation of the ADA whose remedy is readily achievable.

Q. There are items in the commissary area that are mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

R. The men's restroom entrance door requires more than five pounds of pressure to operate, in violation of the ADA whose remedy is readily achievable.

S. The men's restroom mirror is mounted so that its reflective surface is over 40 inches above the finish floor, in violation of the ADA whose remedy is readily achievable.

T. There are amenities in the men's restroom, including a soap dispenser and paper towel dispenser, mounted so that operable parts exceed allowable reach range, in violation of the ADA whose remedy is readily achievable.

U. There is not the required maneuvering clearance at the latch side to exit the men's

restroom, due to the presence of a waste receptacle, in violation of the ADA whose remedy is readily achievable.

V.  There is not the required clear floor space to access the lavatory in the men's restroom due to the presence of a waste receptacle, in violation of the ADA whose remedy is readily achievable.

W.  The men's restroom toilet compartment door lacks door pulls on both sides and swings into the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

X.  The coat hook inside the men's restroom toilet compartment is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

Y.  The men's restroom water closet is not located in the required range from the wall to the centerline of the water closet, in violation of the ADA whose remedy is readily achievable.

Z.  The men's restroom grab bars around the water closet do not meet the required length or location requirements, in violation of the ADA whose remedy is readily achievable.

AA.  The toilet paper dispenser in the men's restrooms is not located as required, in violation of the ADA whose remedy is readily achievable.

BB.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Fitness Room

CC.  There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA whose remedy is readily achievable.

DD.  There are towels and other amenities located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

EE. The fitness room door requires more than five pounds of pressure to operate, in violation of the ADA whose remedy is readily achievable.

Pool Area

FF. The pool door requires more than five pounds of pressure to operate, in violation of the ADA whose remedy is readily achievable.

GG.  There are amenities in the pool room, including hand sanitizer, life preserver and a phone, located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    HH.    The shower is inaccessible to customers who use wheelchairs including no handheld sprayer and operable parts that are outside required reach range, in violation of the ADA whose remedy is readily achievable.

    II.    The drinking fountain does not have required knee and toe clearance for use by guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

Pool Area Restrooms

    JJ.    There are amenities in the lobby restroom, including paper towel dispenser, located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    KK.    There are no rear or side grab bars mounted around the water closet, whereas they are required, in violation of the ADA whose remedy is readily achievable.

    LL.    The toilet paper dispenser is not mounted in the location required by the implementing regulations, in violation of the ADA whose remedy is readily achievable.

    MM.    The mirror is mounted in excess of the allowable range above the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

Parking and Accessible Routes

    NN.    There are cracks and changes in level along the accessible route from the designated accessible parking to the entrance, in violation of the ADA whose remedy is readily achievable.

    OO.    Designated accessible parking is located on an excess slope, in violation of the ADA whose remedy is readily achievable.

    PP.    There is no marked access aisle at the passenger loading zone in front of the hotel main entrance, in violation of the ADA whose remedy is readily achievable.

    QQ.    The doormats are not secured in place at the entry doors, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    RR.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by Defendant **DEARBORN HOSPITALITY HOTELS LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by **DEARBORN HOSPITALITY HOTELS LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will

9

      continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq*.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. **DEARBORN HOSPITALITY HOTELS LLC** owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Mortland and others with mobility impairment handicap compliant transient lodging without undertaking readily achievable

barrier removal.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI